# Kelly and Cook, Appellants, *v.* West Penn Railways Company.

*Negligence—Street railways—Collision of trolley car and automobile—Cars proceeding in same direction—Driving auto on tracks—Failure to take proper precautions—Contributory negligence—Nonsuit.*

In an action of trespass to recover damages for personal injuries sustained in a collision between an automobile and a trolley car, a nonsuit is properly entered where it appeared that the plaintiff had driven his machine over the unpaved tracks of the defendant company, without first looking to the rear to see if a trolley car was approaching.

The failure to take such proper precautions, under the circumstances, amounted to contributory negligence, and there can be no recovery.

Submitted April 24, 1924. Appeal, No. 53, April T., 1924, by plaintiffs, from judgment of C. P. Westmoreland Co., Feb. T., 1922, No. 725, refusing to strike off judgment of nonsuit in the case of G. F. Kelly and J. S. Cook, partners doing business as Kelly & Cook v. West Penn Railways Company. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of compulsory nonsuit, which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*J. D. Darragh,* and with him *Frank P. Martin* and *James L. Colbert,* for appellants.

*John M. Horn,* of *Smith, Best and Horn,* for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

The defendant operates a street railway along the side of a public road at the place where the accident occurred which gave rise to this action. The space between the rails is not filled to a level with the highway—the rails being from four to five inches above the ties. The wagonway at the side of the road was eleven or twelve feet wide and an improved highway. An employee of the plaintiffs was driving their automobile in an eastwardly

direction along this road in the open country. At the place where the collision occurred the road was substantially level and there was a view to the rear of a thousand feet or more. The driver of the automobile met a truck moving in the opposite direction on the road, and thinking the space on the driveway was not wide enough to enable him to safely pass, he drove his machine to the right over the rail of the defendant company next to his automobile and immediately thereafter was struck by a car of the defendant company moving at a rapid speed in the same direction in which the automobile was moving. It appears from the plaintiffs' evidence and is not controverted that the driver did not look to see whether a car was approaching at the time he turned onto the track, and the case rests therefore on the fact that the automobile was put in the way of the car by the act of the plaintiffs' driver without any effort on his part to ascertain whether he was in a position of danger. He was familiar with the road and knew there was frequent service by trolley cars along the track. He neither stopped his own car nor signalled to the driver of the truck to stop in order that one of the vehicles might pass the other without risk. He evidently assumed that no car was approaching without looking back to ascertain what the fact was. The fifty or sixty feet along which he traveled before the trolley car overtook him must have been covered in a very few seconds and the arrival of the trolley car was practically simultaneous with the presence of the automobile within the right-of-way. The place of the accident was in the country where the car might lawfully be operated at a high rate of speed and with his knowledge of the surrounding conditions it was the duty of the driver of the automobile to look for the purpose of ascertaining whether he was placing himself in a position of danger from an approaching car. He may have considered it more convenient to adopt the course he did than to stop his automobile and wait until the truck passed, but there is no

evidence in the case which shows a necessity for the incurring of the risk which he assumed.  The cases relied on by the appellant originated in a borough or city where the streets are paved and are appropriated to the use of vehicles as well as of trolley cars, and in each case cited, the situation was such as to require the railway company to regard the vehicular traffic.  The situation is different here as described by the witnesses.  It is evident that the space between the rails was not used as a wagonway except as the plaintiffs' driver used it and the railway company was not required to limit the speed of its cars in anticipation of the fact that the right-of-way would be so occupied as to obstruct the movement of its cars. If the driver of the automobile had looked in the direction from which he had come, he would have seen just behind him an oncoming street car, and if, with that observation, he had persisted in driving onto the track there could be no question but that he was guilty of negligence.  His omission to look disclosed like negligence and the trial court properly entered a judgment of non suit.

The assignment is overruled and the judgment affirmed.